**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-00964-WDM-PAC

SIMILASAN CORPORATION,

    Plaintiff,

v.

PRESTIGE BRANDS HOLDINGS, INC.,

    Defendant.

---

**PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order. The Court has reviewed that Motion and finds it meritorious and acceptable. Therefore, IT IS ORDERED:

1.     <u>DEFINITIONS</u>.

    (a)     "Document" means any writing of any kind, including originals and non-identical copies, whether different from the original solely by reason of notation or annotation made on such copies or otherwise, including without limitation all correspondence, memoranda, notes, voice mails, e-mails, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, work sheets and all drafts, alterations, modifications, changes, and amendments to any of

the foregoing and all tapes, tape recordings, films, videotapes, photographs, maps, plats, plans, drawings, transcripts, graphic or aural records or representations of any kind and all electronic, mechanical or electric records or representations of any kind, or any other item defined as a writing or a recording pursuant to Rule 1001(1), F.R.C.P. "Document" also means written responses to interrogatories pursuant to Rule 33, F.R.C.P., answers to requests for admission pursuant to Rule 36, F.R.C.P., affidavits, pleadings, motions and briefs.

(b)     "Confidential Information" means any non-public, commercially-sensitive, confidential or proprietary information, and includes, but is not limited to, financial information, marketing information, sales information, product information, business plans, marketing plans, and other commercially-sensitive research, analysis, development, marketing or financial information. Confidential Information may include information owned by or in the possession of a third party, so long as such information otherwise qualifies as Confidential Information hereunder.

(c)     "Providing Party" means any party to this action or any third party, expert, or consultant who produces or provides any information, testimony, document, or thing, in the course of formal or informal discovery.

(d)     "Receiving Party" means any party to this action or any third party, expert, or consultant who receives any information, testimony, document, or thing, in the course of formal or informal discovery.

2.  **DESIGNATION OF CONFIDENTIAL INFORMATION.**

(a) Information, documents, and things. A Providing Party shall label, mark, or otherwise identify, in writing, information, documents, and things that it considers in good faith to constitute or contain Confidential Information, or to otherwise be entitled to protection under Rule 26(c)(7), F.R.C.P., as "Confidential."

(b) Depositions. If any party believes in good faith that the testimony of any deponent (whether party, third-party, expert, or otherwise) constitutes or contains Confidential Information, that party shall identify, in writing, such testimony and request that the specific pages that include such testimony be included in a separate sealed portion of the transcript. The reporter shall include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." When testimony regarding Confidential Information is being given during a deposition, all persons except those who are entitled to receive such Confidential Information under the terms of this Order shall be excluded from the deposition room. To provide the parties with an opportunity to identify Confidential Information in a deposition, each deposition shall be treated as constituting or containing Confidential Information for a period of 10 days after a full and complete transcription of said deposition is available. During such period, the deposition and the transcript thereof shall be subject to the terms of this Protective Order.

(c) Inadvertent failure to designate. Any Providing Party who inadvertently fails to designate or identify any information, testimony, document, or thing as constituting or containing Confidential Information may correct such failure by giving

written notice of the same to the Receiving Parties. Upon such written notification, the information, testimony, document, or thing at issue shall be subject to the terms of this Protective Order prospectively. The Providing Party shall provide all Receiving Parties with substitute copies of the information, testimony, document or thing, appropriately marked or identified under the terms of this Protective Order, as soon as they become available. Within ten (10) days of receipt of the substitute copies, the Receiving Parties shall either return all other copies of the information, testimony, document, or thing to the Providing Party, or provide the Providing Party with a written certification that such unmarked copies have been destroyed.

3.  **DESIGNATED MATERIALS PRESUMED CONFIDENTIAL.** All information, testimony, documents, and things designated or identified by a Providing Party as constituting or containing Confidential Information shall be treated in all respects as though they in fact constitute or contain Confidential Information, unless and until the Court rules otherwise or the Providing Party agrees otherwise.

4.  **RESTRICTIONS ON DISCLOSURE AND ACCESS.**

(a) Except as provided below, Receiving Parties shall not disclose and shall take reasonable steps to ensure that no persons obtain or have access to any information, testimony, document, or thing designated or identified by any Providing Party as constituting or containing Confidential Information.

(b) Receiving Parties may disclose information, testimony, documents, and things designated or identified as constituting or containing Confidential Information to the following persons:

(i)     Employees of the Receiving Party who have a specific need to know the Confidential Information in order to conduct this action;

(ii)    The attorneys of record for the Receiving Party, and all other attorneys and support personnel in the law firms of record in this action who must have access to the Confidential Information in connection with this action;

(iii)   The Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

(iv)    Mediators, arbitrators, or similar outside parties and their staff enlisted by the parties to assist in the resolution of this matter;

(v)     Outside commercial copying services;

(vi)    Court reporters employed by any party in this action; and

(vii)   Independent experts, consultants or translators for the parties, including their support personnel, whose advice and consultation are being used or will be used by such Receiving Party in connection with this action.

(c)     Except as provided herein, in addition to the above, a Receiving Party may disclose information, testimony, documents, and things designated or identified as constituting or containing Confidential Information to a non-party, if the non-party is referred to or referenced in such information, testimony, document, or thing; or counsel in good faith believes the non-party may have knowledge of facts relating to the Confidential Information; or if the non-party will be a witness at trial in this matter and disclosure of Confidential Information is necessary for preparation and completeness of

that person's testimony. In such circumstance, counsel shall disclose only so much of the information, testimony, document, or thing as is reasonably necessary. A Receiving Party shall obtain either the agreement of the Providing Party or a Court order prior to disclosing any financial information designated or identified as constituting or containing Confidential Information to any person identified under this subsection.

(d) Counsel for a party disclosing or allowing access to any information, testimony, document, or thing designated or identified as constituting or containing Confidential Information shall advise the person receiving such information, testimony, document, or thing (other than the persons identified in Paragraph 4(b)(iii)) of the terms of this Protective Order. Before disclosing such information, testimony, document, or thing to a person described in Paragraph 4(b)(vii) and (c), counsel for the party disclosing or allowing access shall, in addition to advising the person of the terms of this Protective Order, or in the case of financial information, receiving either the agreement of the Providing Party or a Court order, provide the person with a copy of this Protective Order and shall obtain the person's written acknowledgement, in the form attached hereto as Exhibit A, to abide by the terms of Protective Order.

(e) This Order shall not be deemed to limit or restrict any Providing Party's disclosure or use of its own Confidential Information.

5. **FILING WITH THE COURT.** To the extent any party wishes to file with the Court any material that has been designated "Confidential" under this Protective Order, the filing party will follow the procedures for such filing set forth in D.C.COLO.LCivR 7.2 and 7.3.

6. **RESTRICTIONS ON USE.** Receiving Parties shall not use any information, testimony, document, or thing designated or identified by any Providing Party as constituting or containing Confidential Information for any purpose whatsoever, other than to assist in the conduct of this litigation.

7. **OBJECTIONS PRESERVED.** Nothing in this Order shall require the disclosure of information, testimony, document or thing that is otherwise not subject to discovery, is privileged, or constitutes attorney work product. Nothing in this Protective Order shall prejudice any objections that any party might have regarding the production of any information, testimony, documents or things, other than objections based upon claims of trade secret or confidentiality. Nothing in this Protective Order shall be construed as an agreement that any information, testimony, document, or thing shall be excluded from evidence in this action.

8. **MECHANISM FOR CHALLENGING DESIGNATION.** Any party may object to the designation or identification of any particular information, testimony, document, or thing as constituting or containing Confidential Information by giving written notice to the party designating or identifying the disputed information, testimony, document, or thing. The written notice shall identify the information, testimony, document, or thing to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating or identifying the information, testimony, document, or thing to file an appropriate motion requesting that the Court determine whether the disputed information, testimony, document, or thing should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information, testimony, document, or thing shall be treated as Confidential Information under the

terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information, testimony, document, or thing shall lose its protection under this Protective Order. In connection with a motion filed under this provision, the designating party shall bear the burden of establishing that good cause exists for the disputed information, testimony, document, or thing, in fact, constitutes or contains Confidential Information. In addition, any party, and any third party with a legally cognizable interest in this Protective Order, may apply to the Court at any time for a modification of this Protective Order for good cause shown. Any person may move the Court for additional protective orders with respect to any information, testimony, document or thing, in accordance with Rule 26 of the Federal Rules of Civil Procedure.

9. **PARTIES' CLAIMS AND DEFENSES**. Neither a party's designation or identification of information, testimony, documents, or things as constituting or containing Confidential Information under this Protective Order nor a party's failure to object to or make such designation or identification is admissible in evidence, as a party admission or otherwise, to prove any fact relevant to any claim or defense asserted in this action.

10. **TRIAL**. To the extent any party wishes for the court proceedings in this case to be closed to the public, such party will comply with D.C.COLO.LCivR 7.2 for an order to close the court proceedings.

11. **SURVIVAL**. The restrictions on use of Confidential Information set forth in this Protective Order shall survive the conclusion of this litigation.

ORDERED this 17TH day of October, 2006.

BY THE COURT:

_____
United States Magistrate Judge

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

For Magistrate Judge Coan.

## ACKNOWLEDGEMENT

I hereby acknowledge that I have been advised of the terms of the Protective Order entered in *Similasan Corporation v. Prestige Brands Holdings, Inc., Civil Action No. 06-CV-00964-WDM-PAC*, United States District Court for the District of Colorado, have been provided with a copy of said Protective Order, have read and understand said Protective Order, agree to be bound by and to comply with the terms of said Protective Order, and agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of said Protective Order.

Dated:_____        Dated: _____

_____        _____

Printed Name:_____        Printed Name:_____

Relationship to Lawsuit:_____        Relationship to Lawsuit:_____

Address:_____        Address:_____

_____        _____

_____        _____

Telephone:_____        Telephone:_____